UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **GERARDO MANUEL GUZMAN CASTILLO,** | § § § § § § § | |
| *Petitioner*, | | |
| v. | | |
| **WARDEN,** ERO El Paso Camp East Montana; **MARY DE ANDA-YBARRA,** *in her official capacity as* Field Office Director, El Paso Field Office, Immigration and Customs Enforcement; **TODD M. LYONS,** *in his official capacity as* Director, Immigration and Customs Enforcement; **KRISTI NOEM,** *in her official capacity as* Secretary, U.S. Department of Homeland Security; **U.S. DEPARTMENT OF HOMELAND SECURITY;** *and* **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** | § § § § § § § § § § § § § § § § | EP-26-CV-00355-DCG |
| *Respondents*. | § | |

## ORDER TO SHOW CAUSE

Petitioner Gerardo Manuel Guzmán Castillo ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in the Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus no later than **three days**.

---

[1] *See generally* Am. Pet., ECF No. 2.

## I. Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on February 6, 2026, while detained at Camp East Montana in El Paso, Texas.[2] Petitioner challenges his detention on statutory, administrative, and constitutional grounds.[3] Petitioner asks the Court to order, *inter alia*, his immediate release or a bond hearing.[4]

## II. Discussion

### A. Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[5] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[6]

---

[2] *See id.* at 1–2.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[3] *Id.* at 13–17.

[4] *Id.* at 21. *See also id.* at 20–21 (detailing full scope of relief requested by Petitioner).

[5] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[6] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[7] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[8] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[9] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[10] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[11]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

---

[7] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[8] 28 U.S.C. § 2243.

[9] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[10] 28 U.S.C. § 2243.

[11] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

### B.        Prevention of Transfer Out of the Western District of Texas

Petitioner separately asks the Court to prevent his transfer outside of the Western District of Texas during the pendency of the case.[12] District courts, including those throughout the Western District of Texas, have granted this type of relief pursuant to the All Writs Act[13] and the inherent powers doctrine (that is, their "inherent authority to preserve and assess their own jurisdiction")[14] This authority is particularly relevant in the immigration habeas context, where petitioners seeking relief from detention may be transferred or removed before their cases are fully considered.[15]

---

[12] Pet. at 21.

[13] The All Writs Act vests federal courts with the authority to preserve and exercise their limited jurisdiction. *See* 28 U.S.C. § 1651 [hereinafter "All Writs Act"]; *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) ("The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction.").

*See also, e.g.*, *Cotoc Yac De Yac*, No. 3:25-cv-2320-SI, 2025 WL 3564819, at *2 n.1 (D. Or. Dec. 12, 2025) ("[T]he Court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." (citation modified)).

[14] *See, e.g.*, *Santiago v. Noem*, No. 3:25-CV-361-KC, 2025 WL 2606118, at *2 (W.D. Tex. Sept. 9, 2025) (citation modified); *see also id.* ("The Court finds persuasive the decisions enjoining removal and transfer of petitioners under the Court's inherent power to preserve its ability to hear the case.").

The "inherent powers" doctrine "is rooted in the notion that a federal court, sitting in equity, possesses all of the common law equity tools of a Chancery Court . . . to process litigation to a just and equitable conclusion." *See ITT Cmty. Dev. Corp.*, 569 F.2d at 1359 (citation modified); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." (citation modified)).

*See also, e.g.*, *Mauricio Ramirez v. Collins*, 2026 WL 300784, at *2 (W.D. Tex. Feb. 3, 2026) (preventing the removal or transfer of petitioner as "an exercise of the Court's inherent power to preserve its ability to hear the case"); *R.J.E.R. v. Hermosillo*, No. 2:26-cv-00296-TLF, 2026 WL 216847, at *2 (W.D. Wa. Jan. 28, 2026) (ordering the same "[t]o preserve the status quo, pending the outcome of th[e] habeas corpus proceeding").

[15] *See, e.g.*, *Pablo Pablo v. Lyons*, No. 3:25-CV-566-DCG (W.D. Tex. Dec. 5, 2025) ("By the time the Court ordered Respondents not to remove [the petitioner], he had arrived in Guatemala City."); Order, *Blandon Raudez v. Bondi*, No. 3:25-CV-493-DB (W.D. Tex. Oct. 30, 2025), ECF No. 11

Accordingly, Respondents may not transfer Petitioner out of the El Paso Division of the Western District of Texas during the pendency of this case or until the Court orders otherwise.[16] This relief is granted *not* as a TRO or protective order, but rather to preserve the Court's jurisdiction and ability to assess the case on its merits.[17]

## III.    Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 2) by no later than **March 3, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within three days after Respondents serve their response.[18] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

---

(admonishing removal of habeas petitioner from El Paso to Mexico "after the Court unequivocally ordered the parties not to do so, and before he could be heard in this Court of law").

[16] The Fifth Circuit recently construed a "request for stay of removal" as "a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). The Immigration and Nationality Act ("INA") provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Thus, the Fifth Circuit held that the district court *lacked* the jurisdiction to grant such a request. *Imran*, 2026 WL 93131, at *1.

The Court readily acknowledges "the deference owed to the Executive Branch in the conduct of foreign affairs." *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). However, the Supreme Court has observed that § 1252(g) is "narrow" and "limits review of cases arising from decisions to commence proceedings, adjudicate cases, or execute removal orders." *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020). Petitioner does not appear to challenge any of these discretionary actions. *See generally* Pet. Therefore, the Court respectfully does not find *Imran* persuasive in this case. *See United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016) ("Unpublished opinions, although not precedential, *may* be considered persuasive authority." (emphasis added)).

[17] *See, e.g.*, *Alves v. U.S. Dep't of Just.*, No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025) (preventing removal under " inherent authority to preserve and assess its own jurisdiction, not as a TRO"); *Angulo Urgiles v. Bondi*, 8:26-CV-30, 2026 WL 163015, at *2 (D. Neb. Jan. 21, 2026) (denying motion for TRO and preventing removal under All Writs Act).

[18] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

The Court further **ORDERS** that Respondents **SHALL NOT** transfer Petitioner to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

The Court therefore **GRANTS** Petitioner's Motion for Order to Show Cause (ECF No. 3).

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[19]

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 2) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[20]

**So ORDERED and SIGNED this 26th day of February 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[19] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[20] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").