**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **GERARDO MANUEL GUZMAN CASTILLO,** | § § § | |
| *Petitioner*, | § § | |
| **v.** | § § | |
| **WARDEN, ERO EL PASO CAMP EAST MONTANA;** | § § | |
| **MARY DE ANDA-YBARRA,** *in her official capacity as Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement*; | § § § § § | **EP-26-CV-00355-DCG** |
| **TODD M. LYONS,** *in his official capacity as Director of Immigration and Customs Enforcement*; | § § § § | |
| **MARKWAYNE MULLIN,** *in his official capacity as Secretary of Homeland Security*; | § § § § | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY; and** **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** | § § § § § § | |
| *Respondents*. | § | |

## <u>ORDER REGARDING COMMUNICATION FROM NON-PARTY</u>

The undersigned Judge has received the following email communication about this case

from the Office of U.S. Senator Amy Klobuchar:

\*      \*      \*

Dear Honorable David Guaderrama,

Gerardo Manuel Guzman Castillo's family and attorneys contacted Senator Amy Klobuchar requesting assistance with their habeas petition. Attached is their Privacy Act Release forms we received from Mr. Guzman Castillo. We have communicated with Mr. Guzman Castillo's family that our jurisdiction is limited in this inquiry but we wanted to submit a courtesy inquiry to see if you could provide our office with a response.

Can you please provide me with an update on this case? Thank you in advance for your assistance.

*    *    *

## I.    DISCUSSION

The Court—respectfully—cannot directly respond to the communication from Senator Klobuchar's Office.  The Judiciary's ethical rules specify that, with narrow exceptions that don't apply here,[1] "a judge should not initiate, permit, or consider . . . communications concerning a pending . . . matter that are made outside the presence of the parties or their lawyers."[2]  Because the email asks the Court to "provide [Senator Klobuchar's Office] with an update on" the status of a pending case, the email "concern[s] a pending . . . matter" within the meaning of that ethical prohibition.[3]  And because it doesn't appear that Senator Klobuchar's Office copied any of the parties or their attorneys on that email, the communication appears to have been "made outside the presence of the parties or their lawyers."[4]  The Judicial Code of Conduct therefore prohibits the Court from considering or responding directly to the email.

What the Court *can* do, however, is grant Senator Klobuchar's Office remote electronic access to the full case docket.  Ordinarily, in immigration habeas cases like this one, members of

---

[1] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

[2] *Id.*, CANON 3(A)(4).

[3] *See id.*

[4] *See id.*

the public may only access the full case docket in person at the courthouse.[5]  However, the Court can modify that rule by court order.[6]  The Court will exercise that authority to grant Senator Klobuchar's Office remote electronic access to the full case docket.  That way, the Senator's staff may monitor this case's status themselves.

Finally, the Court must determine whether the Code of Conduct requires the Court to offer Respondents an opportunity to respond to the email from Senator Klobuchar's Office.  The Code states that "[i]f a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."[7]  The Court does not consider the email from Senator Klobuchar's Office to be an "unauthorized ex parte communication" within the meaning of that provision, since neither Senator Klobuchar nor any member of her staff is a party to this case.[8]  Nevertheless, out of an abundance of caution—and in keeping with the spirit of that ethical rule—the Court deems it prudent to notify Respondents of the communication and give them an opportunity to respond if they wish.  The Court has done the former by reprinting the email in full above; the Court will do the latter below.

---

[5] *See* FED. R. CIV. P. 5.2(c) ("[I]n an action or proceeding relating to . . . immigration . . . detention, access to an electronic file is authorized as follows: (1) the parties and their attorneys may have remote access to any part of the case file, including the administrative record; (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to: (A) the docket maintained by the court; and (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.").

[6] *See id.* ("Unless the court orders otherwise . . . .").

[7] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[8] *See Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "ex parte communication" as "[a] communication between *counsel or a party* and the court when opposing counsel or party is not present" (emphasis added)).

## II.      CONCLUSION

Notwithstanding Federal Rule of Civil Procedure 5.2(c), the Clerk of Court's office

**SHALL GRANT** Senator Klobuchar's Office remote electronic access to the full docket in the

above-captioned case.

To comply with the Judiciary's Code of Conduct, the Court will otherwise **TAKE NO**

**FURTHER ACTION** on the email communication from Senator Klobuchar's Office.

If Respondents wish to respond to that communication, they may do so by **April 17,**

**2026**.  Any such response must be filed on the public docket, with a copy sent to Senator

Klobuchar's Office.  Respondents are not required to file any such response, however.

The Clerk of Court **SHALL EMAIL** a copy of this Order to:

Eva Garcia
Senior Constituent Advocate
Office of U.S. Senator Amy Klobuchar
eva_garcia@klobuchar.senate.gov

**So ORDERED and SIGNED this 9th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**